IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ABIGAIL SANTANA RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>TOM VILSACK, SECRETARY OF AGRICULTURE,<br><br>Defendant. | **CIVIL NO. 09-1086 (JAG)** |

## REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiff Abigail Santana-Ramos, a federal employee of the Department of Agriculture (hereafter "plaintiff Santana-Ramos") filed this action against defendant the Secretary of Agriculture (hereafter "Secretary of Agriculture" or "defendant") for employment discrimination based on age under the Age Discrimination in Employment Act (hereafter "ADEA"). Plaintiff Santana-Ramos' claim for age discrimination in employment stems from having applied for positions with defendant and those selected to occupy said positions were younger than plaintiff, although she ranked as the best qualified. Plaintiff also avers that, at the time of the selection of other less qualified candidates, plaintiff Santana-Ramos was advised that one of the individuals selected was the new blood that defendant needed. Those two other selected to the positions plaintiff applied for were promoted and received higher grades than plaintiff, who was the best qualified individual.

Plaintiff claims defendant has given preferential treatment to younger applicants and discriminated against plaintiff because of her age.

Defendant filed a motion for summary judgment, with a statement of uncontested material facts to which plaintiff then filed an opposition. (Docket Nos. 28 and 35). Defendant avers plaintiff Santana-Ramos lacks evidence that her non-selection to the position she applied was due to her age and, thus, lacks even a *prima facie* case of discrimination. The selectee to the position, Angel Bruno, who is claimed to be younger than plaintiff was in fact forty two (42) years old, that is a minimal age difference of four (4) years younger than plaintiff Santana-Ramos. As to the other position filled by one Nancy Planas, defendant claims her age is not a proper comparison since the position she was granted was lower than the one held by plaintiff Santana-Ramos, a GS-5 instead of the GS-7, and plaintiff would not have been considered for a lower graded position nor would she had wanted same even if offered. As such, there is no other employee similarly situated to whom plaintiff Santana-Ramos may compare and the assessment should be limited solely as to the selection of the first applicant Bruno. Because the members of the committee who evaluated both applicants, plaintiff Santana-Ramos and Bruno, were not aware of the relative ages of these individuals, not only age was not important to the selection process but plaintiff has presented no evidence that age was at issue. In addition, defendant submits Bruno was selected for having a higher score rating than other six candidates, including Santana-Ramos. In fact Santana-Ramos scored lower than all but two

of the candidates who were interviewed, for which five candidates, including Bruno had scored higher than plaintiff Santana-Ramos.

Plaintiff Santana-Ramos' opposition rests mainly in an absence of properly authenticated documents included with defendant's motion for summary judgment. (Docket No. 35).

The Court granted leave to file a reply wherein defendant then attached a missing statement to authenticate the documents previously enclosed with his motion for summary disposition. Defendant submitted with its reply a statement by Pedro Gómez, the Administrative Programs Director for the USDA Rural Development in San Juan, who indicated being familiar with the documents, which he recognizes as true and authentic copies of the originals used in the selection process of Nancy Planas, as well as the documents used in the selection process of Angel Bruno and the Final Rating sheet of the latter as being accurate. Since Gómez was also involved in the selection process to the positions, he also acknowledged as true the statement included with defendant's motion, the one made by Aletha Johnson, the EEO Counselor in the administrative phase, insofar that some 1,000 persons applied for these positions and the panel interviewed approximately 100 candidates. (Docket No. 38, Attachment A, Supplemental Affidavit Under Penalty of Perjury of Pedro Gómez).

Plaintiff submitted a brief response (sur-reply) in which she opposed the authentication of the documents submitted with the request for summary judgment by Pedro Gómez. (Docket No. 43).

The Court referred these motions to this Magistrate Judge for report and recommendation. (Docket No. 39).

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for

the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In summary judgment, a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ.* §2722 at 382 (3d ed. 1998). An affidavit is to be made on personal knowledge, setting forth facts that would be admissible in evidence and show the affiant is competent to testify to the matters stated therein.

## LEGAL DISCUSSION

Plaintiff Santana-Ramos' sur-reply objecting to the authentication of the three documents with the new sworn statement by Pedro Gómez, because he is not a drafter nor signatory to the documents, is DENIED. On account of Gómez' position as Administrative Programs Director for the USDA Rural Development in San Juan, as well as his averment

of having participated in the selection process and having knowledge of same, the authentication of these documents is deemed sufficient. Still, whether the reports create a genuine issue of material fact is to be further discussed.[1]

The ADEA prohibits employers from taking adverse employment action against an employee older than 40 because of his age. Bennett v. Saint-Gobain Corp., 507 F.3d 23, 30 (1st Cir. 2007).

The uncontested facts submitted by defendant state plaintiff Santana-Ramos has no evidence that age was the cause of the defendant employer's decision in not selecting her to the position, except for the fact the selected individual was a younger person. Plaintiff Santana-Ramos was a forty-six (46) years old individual, while the selectee, Angel Bruno, was a forty-two (42) years old individual.

First, the protection as to age discrimination in employment, has been held to include those individuals over forty years of age. As such, both plaintiff Santana-Ramos and the selectee Angel Bruno are not to be considered older or younger individuals, but rather as both fitting within the curtailment of the ADEA and when such a minimal discrepancy exists between the ages to be compared, the effect of the anti-discrimination laws would require some other evidence of age discrimination since plaintiff herein was not replaced with a person outside the protected group of persons between ages 40 and 70. 42 U.S.C.A. §2000e *et seq*.

---

[1] Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000) (to be admissible at summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of summary judgment rule. Fed.R.Civ.P. 56(e).

Abigail Santana-Ramos v. Tom Vilsack
Civil No. 09-1086 (JAG)
Report and Recommendation
Page No. 7

Defendant submits in his summary judgment motion that the minimal age difference is all the evidence the plaintiff supposedly has in her case of discrimination and would be inconsequential in light of above discussed, together with the proffered reasons for the selection of Bruno.

Plaintiff Santana-Ramos has also argued the position filled at a lower grade and step with Nancy Planas is another evidence of age discrimination. Plaintiff Santana-Ramos being age forty 46 and Planas being of younger age would fit better than the arguments as to Bruno.

Defendant avers Planas was selected at a much lower grade than the one held by plaintiff Santana-Ramos, a GS-5 position, instead of the GS-7 plaintiff held at the time, for which the former is not a suitable comparison for not being similarly situated.

Had the events in this case rested with the sole selection of Bruno, as defendant attempts, plaintiff Santana-Ramos would not have much grounds to establish a claim for age discrimination. However, the complaint and the statement of facts regarding opposition to summary disposition motion also submit another selectee, much younger that plaintiff Santana-Ramos, was also selected for an opening and a published position over plaintiff. Defendant argues said person, Nancy Planas, should not be considered as similarly situated to plaintiff Santana-Ramos for not being a proper comparison since the appointment to the position was allowed at a lower level than the one plaintiff Santana-Ramos held at the time. Thus, plaintiff Santana-Ramos would not have been interested in said position and she would not have been considered for such a lower grade position.

On the other hand, plaintiff submits that, at the time said position was published, the grade to be awarded was not indicated, raising a controversy of fact as to the selection process and qualification for the published position.

To be similarly situated for the purpose of our discrimination jurisprudence, the two individuals or situations must be similar in all relevant aspects. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989) (quotation omitted). In order that apples [be] compared to apples we have stated that the relevant aspects' are those factual elements which determine whether reasoned analogy supports, or demands, a like result. *Id*. Cardona Jiménez v. Bancomerico de Puerto Rico, 174 F.3d 36 (1st Cir. 1999).

Having two separate instances on non-selection of a highly qualified individual, such as plaintiff Santana-Ramos, with the issue of age discrimination being established at least *prima facie*, would shift the burden to defendant to articulate under the burden shifting McDonnell Douglas framework[2] there was a valid reason of a non-discriminatory nature for the selection. It is then for plaintiff to establish said legitimate reasons offered by the defendant were not true but rather a pretext for discrimination. *See* Vélez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441 (1st Cir. 2009).

Defendant's statement, through a member of the selection committee, Sylma Vargas, the current Human Resources Manager, agreed that plaintiff Santana-Ramos applied and was qualified for the position and had rated as best qualified. The individual selected at the

---

[2]  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).

Abigail Santana-Ramos v. Tom Vilsack
Civil No. 09-1086 (JAG)
Report and Recommendation
Page No. 9

---

position was Angel Bruno, 42 years old. Ms. Vargas affirmed she did not know plaintiff Santana-Ramos' age at the time.[3]

Insofar as the selection of Planas, who had previously worked at IRS and was an outside candidate, defendant submits she was selected on separate certificates under grade 5 and she never competed with plaintiff. *Deft's Uncontested, Exhibit 1, Ms. Sylma Vargas' affidavit*.

Plaintiff Santana-Ramos submits, on the other hand, other members of the selection committee, including Pedro Gómez and Sylma Vargas, were well aware of her age and are considered the persons responsible for plaintiff's non-selection. Her date of birth also appears on the application documents. Insofar as the affiant, Ms.Vargas, she was aware of plaintiff Santana-Ramos' age when she submitted form SF-50 with the application wherein age was identified. *Deft's Uncontested, Exhibit 2, Plaintiff's statement, complaint of employment discrimination*.

On summary judgment, the question is whether there is a genuine issue of material fact, not whether the evidence compels a finding in favor of the non-moving party. Fed.R.Civ.P. 56(c). There is a controversy as to the position announced and finally filled with Nancy Planas in regards with the grade assignment and whether plaintiff Santana-Ramos had been disregarded to same even if more qualified. Although defendant argues the position was not similarly situated as Ms. Planas was selected at GS-5 grade, plaintiff

---

[3] Similarly Mr. Jose A. Otero, State Director and a selecting official, indicated not being aware at the time of plaintiff Santana-Ramos' age. *Deft's Uncontested, Exhibit 5, Mr. Otero's statement*.

Abigail Santana-Ramos v. Tom Vilsack
Civil No. 09-1086 (JAG)
Report and Recommendation
Page No. 10

---

Santana-Ramos indicated when the positions to be filled in the Humacao Office were announced, the announcement did not have any grade assignment. Plaintiff Santana-Ramos had applied for a GS-7 or a GS-9 position that had been opened in the Humacao Area. *Plaintiff's Uncontested ¶15, Exhibit 1.*

It was then defendant who determined to select a candidate for a grade 5 and a second candidate for a grade 9, for which no candidate from the Humacao region was finally selected. In fact, the position later assigned to a grade GS5 was filled with a younger female worker who had not previously worked with the defendant agency but had some experience with the IRS, Nancy Planas. *Plaintiff's Uncontested ¶13, Deft's Exhibit 1, Announcement GS-1165/5/7/9.*

Plaintiff Santana-Ramos also avers defendant, through its employee Pedro Gómez, previously referred to her as "Doña", a term she considers to mean "old lady", which was not given to younger workers. Plaintiff claims she was also told by the defendant agency at the Humacao Field Office they were looking for "new blood" employees. This comment was attributed to Pedro Gómez. Defendant asserts, without denying the term used as "new blood" was used, that said term did not refer to age or to younger blood but rather to new ideas. *Pedro Gómez' affidavit ¶-21.* Still, although "new blood" was therein mentioned as referring to new ideas, it also contrasts with the averment in 1998 as to an administrative complaint that new blood was required because of a need to provide leadership for the Humacao Office having one of the highest delinquency rates of its borrowers. *Plaintiff's Uncontested, Exhibit 2, Mr. Pedro Gómez' affidavit.*

Further consideration is also needed in that Pedro Gómez was part of the selection committee, appointed as Responding Management Officials, for the non-selected positions at issue raised by plaintiff Santana-Ramos. Gómez was one of the three persons who evaluated and interviewed the candidates in 2004. He was aware of plaintiff's age upon having been a co-worker of plaintiff when he began in the agency at the Fajardo Local Office and was also the individual referring to plaintiff as "Doña", besides the one who had made reference to the search for "new blood" to fill in the position. Gómez made the recommendation to the State Director, José Otero, for the selection of the candidates. *Plaintiff's Uncontested, Ms. Santana-Ramos administrative complaint, Exhibit 1.*

Among the allegations also raised by plaintiff Santana-Ramos is that since the year 1997 the Humacao Office had implemented the "new blood" requirement. *Plaintiff's Uncontested, Exhibit 4, Ms. Santana-Ramos' affidavit; defendant's uncontested, Exhibit 2.*

The issue raised by defendant as to the selection of a candidate at Grade GS-5 not being proper comparison for plaintiff Santana-Ramos' claim of non-selection to the position is contested by plaintiff in that both, the position announced did not contain a grade position and plaintiff attested she would have considered the position at the Humacao area both at GS-7 and GS-9.

Courts do not look at evidence of discrimination in splendid isolation but as part of aggregate package of proof offered by plaintiff.[4] Although the selection of candidate Angel Bruno as better qualified than plaintiff Santana-Ramos should not be considered because the Court is not to take the position of a super personnel decision maker,[5] the combination of at least two instances wherein plaintiff Santana-Ramos was not selected, although being highly qualified, together with the comments and statement in the Humacao region to fill up the positions with new blood, regardless that the term may be subject of interpretation, as stated to plaintiff Santana-Ramos and as previously in writing by a member of the selection committee, leads the way to a *prima facie* case of age discrimination. Furthermore, this same individual, Pedro Gómez, was precisely among other two, the one who recommended the candidate to be selected to the top managerial officer of the agency. Plaintiff also submitted contested statements on these issues sufficient to find not only a *prima facie* case of age discrimination but also to sufficiently raise contested issues of fact, not mere general denial, as to the employer's alleged legitimate non-discriminatory reasons for the non-selection as being pretextual, which would defeat summary disposition.

## CONCLUSION

In view of the foregoing, it is recommended that defendant's motion for summary judgment be DENIED. (Docket No. 28).

---

[4] *See* Mesnick v. General Elec. Co., 950 F.2d 816 (1st Cir. 1991).

[5] Courts in ADEA actions may not sit as super personnel departments, assessing merits or even rationality of employer's non-discriminatory business decision. *See* Furnco Const. Corp. v. Waters, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950 (1978); Petitti v. England Tel. & Tel. Co., 909 F.2d 28, 31 (1st Cir. 1990).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation.[6] Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 3rd day of August of 2010.

s/CAMILLE L. VELEZ-RIVE  
CAMILLE L. VELEZ-RIVE  
UNITED STATES MAGISTRATE JUDGE

---

[6] Local Rule 72 (d), as amended December 3, 2009 provides:
  **(d) Objections to Report of Proposed Findings and Recommendations as to Dispositive Motions and Prisoner Cases.**
  Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections which shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.