```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| **ABIGAIL SANTANA-RAMOS,**<br><br>     Plaintiff<br><br>          v.<br><br>**TOM VILSAK, Secretary of the Department of Agriculture**<br><br>     Defendant | **CIVIL NO.** 09-1086 (JAG) |

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court are a Magistrate Judge's Report and Recommendation (Docket No. 44) recommending that a Motion for Summary Judgment (Docket No. 28) filed by the Secretary of the Department of Agriculture be denied. For the reasons set forth below, the Court **REJECTS** the Magistrate Judge's Report and Recommendations and accordingly **GRANTS** the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Abigail Santana Ramos ("Plaintiff"), a federal employee of the Department of Agriculture, filed this action against the

Secretary of Agriculture ("Defendant") for employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"). Plaintiff's claim stems from not having been selected for two positions with Defendant. She alleges that those selected to occupy them turned out to be younger and less qualified than her. Plaintiff also avers that, at the time of the selection process she was advised that one of the individuals selected was the "new blood" that Defendant needed. Plaintiff claims that Defendant has given preferential treatment to younger applicants and discriminated against her because of age.

Defendant filed the Motion for Summary Judgment pending before the Court. (Docket No. 28). He argues that Plaintiff lacks evidence to prove that she was not selected to the positions she applied for due to her age and, thus, lacks even a *prima facie* case of discrimination. He points out that Angel Bruno, who was selected to fill one of the positions was forty-two years old at the time, that is, a mere four years younger than Plaintiff. As to the other position filled by Nancy Planas, Defendant claims her age is not a proper comparison, since the position she was granted was lower, a GS-5, than the one held by Plaintiff, a GS-7. Therefore, he argues, Plaintiff would not have been considered for a lower graded position nor would she

had wanted it even if offered. As such, there is no other employee similarly situated to whom Plaintiff may compare and the assessment should be limited solely as to the selection of Angel Bruno. He further posits that the members of the committee who evaluated both Plaintiff and Angel Bruno were not aware of the relative ages of these individuals and that Plaintiff has presented no evidence that age was at issue. In addition, Defendant submits that Bruno was selected for having a higher score rating than other six candidates, including Plaintiff.

Plaintiff filed her opposition and requests the denial of summary judgment due to the absence of authentication of the documents included with Defendant's Motion for Summary Judgment. (Docket No. 35). She further states that Defendant had a policy that led him to recruit young, less qualified people for both positions.

Defendant filed a Reply wherein he attached a statement to authenticate the documents previously enclosed with his Motion for Summary Judgment. (Docket no. 38). He submitted a sworn statement by Pedro Gómez, the Administrative Programs Director for the United States Department of Agriculture's Rural Development Office in San Juan, who indicated being familiar with the documents, which he recognizes as true and authentic copies of the originals used in the selection process of Nancy

Planas, as well as the documents used in the selection process of Angel Bruno and the Final Rating sheet of the latter as being accurate. Since Pedro Gómez was also involved in the selection process for the positions, he acknowledged as true the statement included with Defendant's motion, the one made by Aletha Johnson, the EEO Counselor in the administrative phase, insofar that some 1,000 persons applied for these positions and the panel interviewed approximately 100 candidates. (Docket No. 38-1). Plaintiff filed a Sur-reply in which she opposed the authentication of the documents submitted with the request for summary judgment. (Docket No. 43).

The Court referred the Motion for Summary Judgment to the Magistrate Judge for Report and Recommendation. (Docket No. 39). The Magistrate Judge recommends that the Court deny the motion because she considers that the two instances in which Plaintiff was not selected for positions she was qualified for, in combination with the fact that there was mention of acquiring new blood in the Humacao region, create material issues of fact that preclude summary judgment.

Defendant timely filed his Objections to the Report and Recommendation. (Docket No. 45). Plaintiff did not file any objections.

**STANDARD OF REVIEW**

Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before a Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment.

Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts, as they are jury functions, not those of a judge. Anderson, 477 U.S. at 255.

2. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); and Local Rule 72; a District Court may refer dispositive

Civil No. 09-1086 (JAG)                                                    7

motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**ANALYSIS**

In the Report and Recommendation the Magistrate Judge determined, regarding the position filled by Nancy Planas, that "the combination of at least two instances wherein plaintiff

Santana-Ramos was not selected, although being highly qualified, together with the comments and statement in the Humacao region to fill up the positions with new blood… lead the way to a *prima facie* case of age discrimination." (Docket No. 12). She also found that there was no controversy regarding the fact that Angel Bruno was better qualified than Plaintiff to fill one of the positions. Therefore, the Court will not revisit this last issue.

In his Objections to the Report and Recommendation, Defendant argues that the Magistrate Judge erred because there is no controversy regarding the fact that Plaintiff was not qualified to the position filled by Nancy Planas. He posits that it was within the agency's managerial discretion to fill that position with a G-5 entry level employee and that deciding that Plaintiff should have gotten the position simply because as a G-7 she was more qualified than Nancy Planas goes against current law regarding managerial discretion. According to Defendant, it is management's prerogative to decide what grade level employees are required to serve the needs of a particular office. The Court agrees.

In this case, there is no controversy regarding the fact that Plaintiff was a G-7 and that Defendant decided to fill the position in question with a G-5. (Plaintiff's Statement of

Material Fact, Docket No. 35, ¶¶ 14-15). The fact that there is evidence that Plaintiff's co-worker called her "Doña," even though she told him she did not like it because she felt old, and that he was in the committee that selected Nancy Planas does not preclude summary judgment. There is simply no evidence that the "but for cause" of Plaintiff's nonelection to the G-5 position was age.

As defendant correctly points out in his Objections to the Report and Recommendation, Plaintiff was not qualified for the G-5 position because she was overqualified. She simply was not going to be offered a position at a G-5 when she was already a G-7. "The fact that 'overqualification' might be strongly correlated with advanced age does not make use of this criterion necessarily a violation of ADEA." EEOC v. Insurance Co. of N.Am., 49 F.3d 1418, 1420 (9th Cir. 1995) (citing Hazen Paper Co. b. Biggins, 113 S. Ct. 1701, 1706-07 (19993). "Although ADEA does not prohibit rejection of overqualified job applicants *per se*, courts have expressed concern that such a practice can function as a proxy for age discrimination if 'overqualification' is not defined in terms of objective criteria." Id. Clearly in this case an objective criteria for determining that Plaintiff was overqualified exists, since she is at a higher grade than the position opened.

Neither can Plaintiff validly argue that an employer is prohibited from assigning lower grades to a certain position when there are higher grade employees who would take the position if they were classified with higher grades.

## CONCLUSION

For the reasons stated above, the Court hereby **REJECTS** the Magistrate Judge's Report and Recommendation (Docket No. 44) and accordingly **GRANTS** Defendants' Motion for Summary Judgment (Docket No. 28). Judgment shall be entered dismissing the case with prejudice.

In San Juan, Puerto Rico, this 14th day of March, 2011.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
